UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN TEJEDA-PUENTES, | No. 2:15-cv-00870-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| THE COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DEPUTY DAVID CUNEO IN HIS OFFICIAL AND INDIVIDUAL/PERSONAL CAPACITY, DEPUTY GRANT HANEY IN HIS OFFICIAL AND INDIVIDUAL/PERSONAL CAPACITY, CAPACITY, | |
| Defendants. | |

This case arises from Ms. Carmen Tejeda-Puentes' interaction with police officers during a party on April 20, 2013. Based on injuries Ms. Puentes incurred during this interaction, she brings claims for excessive force and false arrest under 42 U.S.C.A. § 1983 against the police officers, the County of Sacramento, and the Sacramento County Sheriff's Department (collectively "the County" or "defendants"). The County moves to dismiss Ms. Puentes' claims on two grounds: (1) the complaint is barred by the statute of limitations; and (2) the allegations are insufficient to state any claim upon which relief can be granted. *See* Mot., ECF No. 10-1

(citing Fed. R. Civ. P. 12(b)(6)). Having reviewed the allegations of the complaint and the parties' briefing, the court orders as follows:[1]

I.      STATUTE OF LIMITATIONS

Ms. Puentes entered her complaint in the court's Electronic Case Filing (ECF) system on April 20, 2015. ECF No. 2. However, she did not pay the filing fee until April 22, 2015. *Id.* In following Local Rule 121(c),[2] the Clerk of the Court filed the complaint on April 22, 2015, when plaintiff paid the filing fee. *See* ECF Nos. 2, 3. The County argues the complaint is time-barred because it was filed on April 22, 2015, two days after the applicable statute of limitations expired. Mot. at 3. Ms. Puentes argues the complaint was filed on April 20, 2015, when it was entered in the court's ECF system, and is therefore timely. Opp'n 4, ECF No. 12. The issue before the court is when the complaint was "filed" for purposes of determining the running of the applicable statute of limitations.

As the parties agree, the statute of limitations for Ms. Puentes' claims is borrowed from California tort law. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (for § 1983 claims federal courts borrow the statute of limitations applicable to personal injury claims in the forum state). In California, a plaintiff must commence such an action within two years from the date of the events giving rise to the claims. *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1135 (9th Cir. 2006); Cal. Civ. Proc. Code § 335.1.

A federal civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. A document is filed by delivering it to the Clerk. Fed. R. Civ. P. 5(d). Section 1914 of Title 28 of the United States Code requires parties instituting a civil action to pay a filing fee, and authorizes district courts by rule or standing order to require advance payment of fees. Local

---

[1] In an effort to streamline resolution of motions to dismiss in cases where the parties have counsel, when the court is granting leave to amend it is adopting a shortened form of order consistent with the order issued here.

[2] Local Rule 121(c) provides, "Except as required by law, or as otherwise directed by the Court, the Clerk shall not file any paper, issue any process, or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee is prepaid."

Rule 121(c) implements the provisions of § 1914, noting the clerk "shall not file any paper . . . unless the fee is prepaid." E.D. Cal. L.R. 121(c).

The Ninth Circuit has held § 1914 is not a "jurisdictional requirement" and non-compliance with its terms cannot bar an action where the complaint was delivered to the clerk within the limitations period. *Cintron v. Union Pac. R. Co.*, 813 F.2d 917, 920 (9th Cir. 1987). In *Cintron*, the Ninth Circuit held the plaintiff "constructively filed his complaint when . . . he delivered it to the clerk of the court, though he was not in compliance with local rules and though he overpaid the filing fee." *Id.* at 921. That the plaintiff's complaint was rejected for overpayment, and formally filed only after the limitations period ran, did not control the timeliness question where the complaint was first timely presented. *Id.* at 920.

Similarly, in *Klemm v. Astrue*, the Ninth Circuit relied on the decision by the U.S. Supreme Court in *Parissi v. Telechron, Inc.*, to conclude the plaintiff's notice of appeal was filed the day the clerk received the document, in spite of the plaintiff's failure to comply with a local rule requiring the notice be electronically filed with proper payment. 543 F.3d 1139, 1142 (9th Cir. 2008) (citing 349 U.S. 46 (1955)); *see also Gee v. Tenneco, Inc.*, 615 F.2d 857, 859 (9th Cir. 1980)) ("Where a notice of appeal is physically placed in the hands of the clerk's office within the prescribed time limit for filing, but the fee is not paid and filing does not take place until the limit expires, the notice may be treated as timely."). As with *Cintron*, to the extent local rules applied, they did not control resolution of the timeliness question. *Klemm,* 543 F.3d at 1143.

In light of *Cintron* and *Klemm*, the court finds plaintiff's complaint was constructively filed on April 20, 2015, the day plaintiff entered the complaint into ECF. It is therefore timely. Insofar as defendants seek to dismiss the complaint on grounds of statute of limitations, the motion is DENIED.

II.     FAILURE TO STATE A CLAIM UNDER SECTION 1983

The County argues the court should dismiss plaintiff's excessive force and false arrest claims because they do not allege any facts sufficient to grant relief. Mot. at 3–7. The merits of these claims as to each defendant are addressed in turn below.

A.      Claims against Sheriff's Department

The County argues the Sacramento County Sheriff's Department (SCSD) is not a proper party because the claims against it are duplicative of Ms. Puentes' claims against the County. *See* Mot. at 3. Ms. Puentes does not address this argument in opposition.

By not addressing an argument a defendant raises in a motion to dismiss, a plaintiff implicitly concedes dismissal of its claim is appropriate. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006); *Silva v. U.S. Bancorp*, No. 10-01854, 2011 WL 7096576, at *3 (C.D. Cal 2011). In any event, naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (holding state governmental entities including sheriff's department is not a "person" subject to suit under section 1983).

The court GRANTS defendants' motion to dismiss SCSD without leave to amend.

B.      Claims against County of Sacramento

The County also seeks to dismiss the County of Sacramento, arguing the complaint makes no factual allegations against the County. Mot. at 5. Ms. Puentes argues the complaint adequately alleges a policy and custom of routinely encouraging unlawful arrests and the use of excessive force. Opp'n at 6.

Section 1983 imposes liability on "persons" who, under color of law, deprive others of their constitutional rights. 42 U.S.C. § 1983. The Supreme Court has construed the term "persons" to include municipalities, such as the County here. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). A municipality is responsible for a constitutional violation only when an "action [taken] pursuant to [an] official municipal policy of some nature" caused the violation. *Id.* at 691. A municipality is not liable under § 1983 based on the common-law tort theory of respondeat superior. *Id.* The official municipal policy in question may be either formal or informal. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (plurality opinion) (acknowledging a plaintiff could establish liability by showing "formal policies, or . . . informal

/////

4

practices "so permanent and well settled as to constitute a 'custom or usage' with the force of law" (emphasis added)).

Ms. Puentes alleges the County of Sacramento is liable because, among other things, it "ratified, [or] took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading." Compl. ¶ 9. But as defendants note, plaintiff alleges no facts showing a municipal policy, including one "routinely . . . encouraging unlawful arrests and the use of excessive force." *See* Reply 5, ECF No. 16.

The court GRANTS defendants' motion to dismiss claims against the County, with leave to amend if amendment is possible under Federal Rule of Civil Procedure 11.

C.      Claims against Deputy Cuneo and Deputy Haney

The County seeks to dismiss claims against Deputies Cuneo and Haney, contending the complaint makes no factual allegations regarding which deputy, if any, falsely arrested or applied excessive force to plaintiff. Mot. at 3–7. Ms. Puentes contends the complaint adequately makes claims against each individual defendant. Opp'n at 4.

A plaintiff cannot hold an officer liable without a showing of personal participation in the unlawful conduct. *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)). Nonetheless, police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or another citizen, if they have an opportunity to do so. *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000) (holding officers did not have an opportunity to intercede when they were not present at the time fellow shot at plaintiff).

Without pinning liability on any individual defendant, Ms. Puentes generally alleges "one of the deputies" violated her constitutional rights while the others failed to intervene. Compl. ¶¶ 31–38. But absent some facts alleging one of the officers either applied excessive force or falsely arrested plaintiff, or had an opportunity but declined to intercede to prevent the alleged constitutional violations, the complaint as pled is insufficient to withstand a motion to dismiss. *See Cunningham*, 229 F.3d at 1290; *see also Willis v. Cty. of Sacramento*, No. 13–

01671, 2014 WL 4385642, at *4 (E.D. Cal. Sept. 4, 2014) ("That [Officer] knew Plaintiff was injured does not mean that he had an opportunity to intercede." (internal citations omitted)).

For these reasons, the court GRANTS defendants' motion to dismiss claims against Deputies Cuneo and Haney, with leave to amend if amendment is possible under Federal Rule of Civil Procedure 11.

    D.    <u>Claims against Deputy Duncan</u>

In its reply brief, the County argues Ms. Puentes improperly adds Deputy Duncan as a defendant by referencing him in her opposition. Reply at 2. Having reviewed Ms. Puentes' complaint and opposition, the court agrees with defendants. If Ms. Tejada wishes to identify Deputy Duncan as a defendant in this case, she must do so in compliance with the applicable rules.

III.    <u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ordered:

1. Plaintiff's claims against SCSD are dismissed without leave to amend.
2. Plaintiff's claims against the County of Sacramento are dismissed with leave to amend.
3. Claims against Deputies Cuneo and Haney are dismissed with leave to amend.
4. An amended complaint shall be filed within fourteen days of the date this order is filed.

IT IS SO ORDERED.

DATED: May 2, 2016.

_____
UNITED STATES DISTRICT JUDGE